CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 02 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| HAYWOOD C. SEAL, JR., | ) | CASE NO. 5:11CV00076 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By:  B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's December 16, 2008 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING this case to the Commissioner for further proceedings.

In a decision issued on January 7, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff remained insured through December 31, 2014, and that he had not engaged in substantial gainful activity since December 7, 2008, his alleged disability onset date. (R. 14.) The Law Judge determined that plaintiff's anxiety disorder and bipolar II disorder were severe impairments, but that he did not suffer an impairment or combination of impairments which met

or medically equaled a listed impairment. (*Id.*) The Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but that non-exertionally, he was limited to simple, unskilled work with occasional contact with the general public, and he needed to avoid exposure to concentrated hazards, such as moving machinery and heights. (R. 16.) The Law Judge further found that plaintiff's remaining mental capacities were sufficient to meet the intellectual and emotional demands of at least unskilled, competitive, remunerative work on a sustained basis. (*Id.*) The Law Judge believed plaintiff was capable of understanding, remembering and carrying out simple instructions; making judgments that were commensurate with the functions of unskilled work (i.e., simple work-related decisions); responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. (*Id.*) While he found that plaintiff was unable to perform his past relevant work as a warehouse technician, solely by application of Section 204.00 of the Medical-Vocational Guidelines ("grids")[1], the Law Judge was compelled to conclude that plaintiff was not disabled under the Act. (R. 19-20.)

Plaintiff appealed the Law Judge's January 7, 2011 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

---

[1] The grids, 20 C.F.R. Part 404, Subpart P, Appendix 2, are tables "'that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's residual functional capacity, *i.e.*, his maximum capacity for sustained performance of the physical and mental requirements of the job.'" *Christmas v. Astrue*, 2010 WL 1027492, *3 n. 4 (W.D.Va. March 17, 2010) (quoting *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981)).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hayes v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In his motion for summary judgment and during oral argument, plaintiff argued that the Law Judge erred by failing to have a vocational expert ("VE") present to testify at the November 24, 2010 hearing. (Pl's Brief, p. 2.) The undersigned agrees.

If a claimant has no non-exertional impairments[2] which preclude him from performing a full range of work at a given exertional level, the Commissioner may rely solely on the grids to satisfy his burden of proof. *See Aistrop v. Barnhart*, 36 Fed. Appx. 145, 146 (4th Cir. 2002); *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). The grids may be dispositive of whether the claimant is disabled only when the claimant is found to suffer only exertional impairments. *Aistrop*, 36 Fed. Appx. at 146. When a claimant suffers non-exertional limitations, or a combination of exertional and non-exertional limitations that prevent performance of a full range of work at a given exertional level, the grids may only be used as a guide. *Id.* at 146. In order to

---

[2] "A non-exertional limitation is one that places limitations on functioning or restricts an individual from performing a full range of work in a particular category." *Aistrop*, 36 Fed. Appx. at 147. Non-exertional limitations generally impact an individual's ability to meet the strength demands of jobs and include the ability to hold, grasp, kneel, stoop and crouch. *Id.*

3

discharge his burden under such circumstances at that level of the sequential process, the Commissioner must adduce vocational testimony demonstrating that jobs exist in the national economy for a person with the claimant's impairments and non-exertional effects. *Id.; Walker v. Bowen,* 889 F.2d 47, 49-50 (4th Cir.1989).

There is no question on this record that plaintiff suffers non-exertional limitations on his ability to function in a vocational setting. Despite his finding that plaintiff suffered only non-exertional limitations on his ability to perform gainful work, the Law Judge, nevertheless, applied Rule 204.00[3] of the grids to compel a conclusion that plaintiff was not disabled. (R. 16, 20.) Under the Commissioner's own regulations, that conclusion could have been reached only if a VE testified that, based on all the relevant evidence in the record, jobs were available to a person with plaintiff's impairments and non-exertional limitations. Failure to have a VE present who could be examined by the Law Judge and plaintiff on those critical matters constitutes error.

While the court could find that the Commissioner risked reversal for his failure to adduce vocational testimony as required by his own regulations, the undersigned finds good cause on the extant record to remand the case for further proceedings in which the Commissioner can elect either to grant benefits or recommit the case to a Law Judge in an effort to discharge his sequential burden.

Accordingly, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING this case to the Commissioner for further

---

[3] Rule 204.00 of the grids generally provides a framework for determining whether an individual with only nonexertional limitations is disabled. *See* Social Security Ruling 85–15, 1985 WL 56857, at *3; *see also* 20 C.F.R. Pt. 404 Subpt. P, App. 2.

proceedings at the final level of the sequential evaluation pursuant to Sentence Four of 42 U.S.C. § 405(g).

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

April 2, 2012
Date